IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**DIMITAR PETLECHKOV,**

          Plaintiff,

v.                                                                                 Case No.: 2:23-cv-2231-JTF-cgc

**FEDERAL EXPRESS CORPORATION,**
**FEDEX CORPORATION,**

          Defendants.

---

### REPORT AND RECOMMENDATION

---

This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05[1]. Before the court are Defendants Federal Express Corporation and Fedex Corporation's ("Defendants") November 1, 2023 Response to Plaintiff Dmitar Petlechkov's ("Plaintiff") Motion for Default Judgment pursuant to Fed. R. Civ. P. 55 (D.E. # 25) and Defendants' November 1, 2023 Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (D.E. # 26). For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to set aside default be GRANTED and that Defendants' Motion to Dismiss be GRANTED.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

I. Background

   *a. Plaintiff's Complaint and Motion for Preliminary Injunction*

On April 19, 2023, Plaintiff Dimitar Petlechkov filed a pro se complaint seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure. (Compl. at PageID 1). Plaintiff alleges that on June 21, 2022, he registered the first website as a "gripe" site to "complain about Fedex and two of its employees." (*Id.*). The Complaint alleges that none of Defendants' logos or copyrighted content existed on the site. *Id.* at PageID 2. Following this, Plaintiff reached out to several leadership figures in Defendants' companies and asked them about the two employees complained about on the website, while also attaching a link to an email to them. *Id.* Then, before August 1, 2022, the first website became inaccessible through the internet. *Id.* The webhost reported to Plaintiff on August 2, 2022 that Defendants had reported the domain as using content that infringed on Defendants' trademarks.

Plaintiff alleges he then registered a second domain name as www.boycottfedex.ga and posted the same content there that had been on the first website. Plaintiff did not reach out to Fedex after this, but expects Defendants will also attempt to shut the second website down on trademark grounds. *Id.*

In his April 19, 2023 complaint, Plaintiff requested injunctive relief to prevent Defendants from filing a federal trademark infringement claim against Plaintiff pursuant to 15 U.S.C. § 1125 and § 1114. (*Id.* at PageID 2). The grounds for the claim are that Plaintiff's creation of two websites—www.boycottfedex.ga and www.cancelfedex.ga—do not infringe on trademarks owned by Defendants because Plaintiff these websites were not for commercial purposes, and constituted fair use and exercise of First Amendment free speech. (*Id.* at PageID 2–3); *Taubman Co. v. Webfeats*, 319 F.3d 770 (6th Cir. 2003). Plaintiff requests that the Court prevent Defendants from

filing federal suit against him. (Compl. at PageID 2–3) Plaintiff served the complaint upon Defendants on September 25, 2023. (Defs.' Mot. to Dismiss Am. Compl. at PageID 53).

### b. Defendant's Motion to Dismiss

On October 16, 2023, Defendants filed a Motion to Dismiss Plaintiff's complaint under Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, respectively. (Defs.' Mot. to Dismiss at PageID 30). Defendants argue that the Plaintiff's claim must be dismissed under these Rules because Defendants own the website domains for which Plaintiff sought protection and Plaintiff has suffered no injury or imminent risk of injury, rendering his claim unripe. (*Id.* at PageID 33, 34); MacDermid v. Discover Financial Services, 488 F.3d 721, 733 (6th Cir. 2007); *see, e.g.*, *Holman v. Vilsack*, 582 F. Supp. 3d 568 (W.D. Tenn. 2022). Defendants attached Exhibits to its Brief in support of it Motion to Dismiss showing that it did own the website domains in question. (Defs.' Mot. to Dismiss at PageID 39)

### c. Plaintiff's Amended Complaint

On October 17, 2023, Plaintiff filed an Amended Complaint Seeking Declaratory and Injunctive Relief against Defendants, alleging the same set of facts and arguments from the original complaint. (Am. Compl. at PageID 40) In addition to these repeated allegations, Plaintiff alleged that on October 17, 2023, he registered a new website named www.evilfedex.com, including on it the same "gripe" complaints previously asserted towards Fedex employees. (*Id.* at PageID 41). Plaintiff alleges similarly to the original complaint that he is entitled to injunctive relief against Defendants because his use of this new domain does not violate federal trademark laws in 15 U.S.C. § 1125 and § 1114. (*Id.* at PageID 41); *see, e.g.*, *Taubman Co. v. Webfeats*, 319 F.3d 770 (6th Cir. 2003).

### d. *Plaintiff's Request for Entry of Default*

On November 1, 2023, Plaintiff filed a Request to Clerk for Entry of Default against Defendants on grounds that Defendants had failed to file a responsive pleading to Plaintiff's October 16, 2023 Amended Complaint. FED. R. CIV. P. 55(a).

### e. *Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Response to Plaintiff's Motion for Default Judgment*

On November 1, 2023, Defendants filed a renewed Motion to Dismiss under Rules 12(b)(1) and 12(b)(6), alleging that Plaintiff's Claims were unripe and should be dismissed for failure to state a claim because of "several intangibles" involved in this case and the lack of "sufficient immediacy" that would require declaratory and injunctive relief. (Defs.' Mot. to Dismiss Am. Compl. at PageID 56–57). In their Brief in support of the Motion to Dismiss, Defendants omit the prior-asserted argument that Plaintiff's claims are moot for lack of subject matter jurisdiction. (*Id.* at PageID 56). Namely, Defendants do not own the new website domain included in the Amended Complaint, www.evilfedex.com. (*Id.* at PageID 55). However, Defendants repeated their argument that the complaint should be dismissed because the claim is unripe, premised on future unforeseeable events, and lacks "sufficient immediacy and reality." (*Id.* at PageID 56–57); *Holman v. Vilsack*, 582 F. Supp. 3d 568 (W.D. Tenn. 2022).

On the same day, Defendants filed a Response to Plaintiff's Motion for Default Judgment (or Entry of Default). (Defs.' Resp. to Mot. for Default at PageID 59) In support of this Response, Defendants submitted a brief arguing that their original Motion to Dismiss Plaintiff's first complaint was not rendered moot by his Amended Complaint. *Foundation for Moral Law, Inc. v. Infocision Mgmt. Corp.*, 2008 WL 5725627 (N.D. Ohio May 27, 2008). In the alternative, Defendants aver that they can demonstrate good cause under Rule 55(c) for having missed the fourteen-day deadline for responding to the amended complaint. Defendants support this argument

4

by stating that they have a meritorious defense to Plaintiff's Claims: his claims are unripe for review because they do not constitute a case or controversy and lack sufficient immediacy justifying injunctive relief. *United Coin Meter Co., Inc.*, 705 F.2d at 844; *Hinson v. Webster Indus.*, 240 F.R.D. 687 (M.D. Ala. 2007); (Defs.' Resp. to Mot. for Default at PageID 63).

### *f.  Plaintiff's Response in Opposition to Defendant's Motion to Dismiss*

On November 2, 2023, Plaintiff filed a Response in Opposition to Defendant's Renewed 12(b)(6) Motion to Dismiss. In this response brief, Plaintiff alleged that his cause of action for declaratory and injunctive relief is indeed an active case or controversy that touches the legal rights of the two parties, in the context of the website domains. (Pl.'s Resp. to Defs.' Renewed Mot. to Dismiss at PageID 68–69) Specifically, Plaintiff argues that the claim is ripe because Defendant "already successfully shut down plaintiff's previous website on the basis of purported trademark infringement and will likely do it again . . ." (*Id.* at PageID 71). In his brief, Plaintiff does not address the argument regarding whether he is entitled to default or default judgment under Federal Rules 55 and 60.

### II.  **Applicable Law and Proposed Analysis**

### *a.  Rule 55—Default; Default Judgment*

Federal Rule of Civil Procedure 55 requires that a party's default be entered where the party has failed to plead or otherwise defend in a case. In cases where the claim is not for a certain computable sum, the party who successfully moved for entry of the opponent's default must then apply to the court for entry of default judgment. The Court has discretion under R. 55(b)(2) to determine whether entry of default is justified, and may conduct hearings or make referrals to determine damages amounts, "establish the truth of any allegation . . . or investigate any other matter." FED. R. CIV. P. 55. Furthermore, a court may set aside a default where the defaulting

5

party shows good cause. A court may set aside a final default judgment under Rule 60(b) on motion from the defaulting party for any reason justifying relief, using a similar good cause standard. FED. R. CIV. P. 60(b).

Entry of default is required by Rule 55(a) when a party has failed to plead or otherwise defend. *Esurance Prop. & Cas. Ins. Co. v. Lawson*, No. 22-CV-10016, 2022 U.S. Dist. LEXIS 187404, at *13 (E.D. Mich. Oct. 13, 2022). A plaintiff moving for entry of default must affirmatively demonstrate through an affidavit or otherwise that it is entitled to the entry of default. Fed. R. Civ. P. 55; *Hollingsworth v. Daley*, No. 2:15-CV-36-WOB-REW, 2015 U.S. Dist. LEXIS 176670, at *6-7 (E.D. Ky. Jul. 28, 2015). Moreover, where a defendant filed a responsive pleading to an original complaint, but failed to respond to an amended complaint, the plaintiff must affirmatively show that the defendant's conduct justifies the striking of the initial responsive pleading and entry of default or default judgment. *Id.* (citing *Rehab Mgmt. Solutions, LLC v. Diversa Care Therapeutics, Inc.*, No. 11-11990-BC, 2012 U.S. Dist. LEXIS 105783, at *1 (E.D. Mich. Jul. 30, 2012)). Default can be set aside by the court where a defaulting defendant shows good cause by demonstrating, (1) the default did not arise from willful or culpable conduct, (2) a set-aside would not prejudice the plaintiff, and (3) the defendant has a meritorious defense. *O.J. Dist., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003).

After default is entered in cases claiming declaratory or injunctive relief, a court may enter default judgment pursuant to Rule 55(b)(2), but default judgments are generally frowned upon, as courts favor "[t]rials on the merits." *Hollingsworth*, 2015 U.S. Dist. LEXIS 176670, at *6 (quoting *Shepard*, 796 F.2d at 193)). If default judgment has been entered, the same three factors used in ruling on a default set-aside help courts decide whether to set aside the default judgment; the court weighs whether (1) the default was willful or culpable, (2) a set-aside will prejudice the opposing

6

party, and (3) the defense is meritorious. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-839 (6th Cir. App. 2011). In the Sixth Circuit, default judgments are preferred for only extreme cases. Therefore, "'[w]here default results from an honest mistake "rather than willful misconduct, carelessness or negligence" there is especial need to' set aside any default judgments." *Long v. Finch*, No. 14–13269, 2015 WL 1637517, at *2 (E.D. Mich Apr. 13, 2015). Administrative mistakes made by paralegals in calendaring a response date can justify denial of default or default judgment. *See United Coin Meter Co., Inc.*, 705 F.2d at 845. Defendants' opposition to default may be treated as a motion to set aside entry of default. *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983).

### b. *Whether Default or Default Judgment Should be Entered*

Regarding the entry of default judgment under Rule 55, Defendant Fedex defaulted by failing to timely file a responsive pleading to Plaintiff's Amended Complaint and thus, Plaintiff is entitled to entry of default. However, the Court could determine that Defendant's discovery of its clerical error and immediate filing of responsive motions for dismissal and denial of default on November 1, 2023 cured the default. *Long*, 2015 WL 1637517, at *2. The Court has discretion under Rule 55(b)(2) to investigate the circumstances regarding the default and it has authority under Rule 55(c) to set aside either a default or default judgment for "good cause." *O.J. Dist., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003).

Whether default or default judgment is entered here, Defendant has moved for the Court to set aside either and has renewed its 12(b)(6) Motion to Dismiss for Failure to State a Claim in response to Plaintiff's Amended Complaint. On the issue of default, the Court must apply the three factors cited in *O.J. Dist., Inc. v. Hornell Brewing Co.* to determine if Defendant has demonstrated good cause for setting aside the default. *See Dassault Systemes, SA*, 663 F.3d at 838-839 (applying

7

the same three factors in the context of a default judgment set-aside). The inquiries regarding set-asides of default and default judgment are identical *Id.* The Defendant has made the requisite showing under the less stringent Rule 55(c) "good cause" standard, which is applicable because final judgment has not been entered nor damages awarded. *Id.* at 839.

First, Defendant's failure to respond to the Amended Complaint arose wholly from an intra-office mistake made by Defendant's paralegal, who has provided a Declaration explaining that the mistake was not willful. (Dec. of Moore at PageID 66) A Defendant must affirmatively show that missing a response deadline was *not* the result of his own culpable conduct. *United States v. Barrow*, 2018 WL 2670617, at *1-2 (6th Cir. App. Feb. 8, 2018) (unreported). Here, that showing has likely been made; Defendants allege that paralegal Moore calendared a twenty-one day response window to the Amended Complaint instead of a fourteen-day response window. (Dec. of Moore at PageID 66) Because of this, and Defendants' immediate response after realizing its clerical mistake, Defendants have demonstrated that they had neither "an intent to thwart judicial proceedings" nor "reckless disregard for the effect of [their] conduct on those proceedings." *Killing v. Craft Automotive Repair, LLC*, 2023 WL 5487053, at. *4 (N.D. Ohio Aug. 23, 2023) (citing *Hernandez v. Telelink, LLC*, No. 4:18CV2203, 2019 WL 5086128, at *3 (N.D. Ohio Oct. 10, 2019)).

Second, the prejudice factor weighs in favor of a set-aside; Defendants allege that "[s]etting aside the clerk's default at this stage of the litigation will not be prejudicial to the Plaintiff" because the case is in its early stages, no discovery has occurred, and Defendants filed a Motion to Dismiss the original complaint that has not been ruled on. (Defs.' Resp. to Mot. for Default at PageID 62–63) For a set-aside of default to prejudice a plaintiff, the set-aside must result in evidence loss, discovery difficulties, or the opportunity for defendant to participate in "fraud and collusion." *First*

*Tennessee Bank Nat'l Assoc. v. MJW, Inc.*, 2020 WL 426497, at *2 (W.D. Tenn. Jan. 27, 2020) (quoting *United Coin Meter*, 705 F.2d at 845). Plaintiff's only allegation that delay would prejudice him is that Defendants could, in future, prevent him from establishing more websites. (Pl.'s Resp. to Defs.' Renewed Mot. to Dismiss at PageID 70) Defendants' failure to file a responsive pleading to the Amended Complaint was an administrative error, which they attempted to correct the same day Plaintiff moved for entry of default. Furthermore, delay alone does not cause prejudice, and Plaintiff seeks injunctive relief based on estimated future acts of Defendants. *Dassault Systemes, SA*, 663 F.3d at 842. The argument in favor of prejudice is weakened by the fact that Plaintiff already established subsequent websites about Defendants containing identical material to the first domain he bought. (Am. Compl. at PageID 40-41.); *See Burger v. Engineered Paint Applications, LLC*, 2017 WL 3431439, at *7 (W.D. Tenn Aug. 9, 2017). For these reasons, no substantial hardship would accrue to Plaintiff in setting aside the default.

Third, Defendants present a meritorious defense. A meritorious defense is one that is "good at law." *Dassault Systemes, SA*, 663 F.3d at 839. Rather than require that a defense be likely to succeed on the merits, this standard merely requires that the defense show a possibility that the outcome after a trial would be contrary to the outcome arising from the default. *Id.* Further, "even conclusory assertions may be sufficient to establish 'the hint of a suggestion'" needed for a meritorious defense. *Id.* (quoting *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006)); *Burger*, 2017 WL 3431439, at *7. Defendants' ripeness defense is meritorious because it raises the possibility that there is no live case or controversy for adjudication by the federal Court, which would be different from the outcome arising from default. *Dassault Systemes, SA*, 663 F.3d at 843; *Holman v. Vilsack*, 582 F. Supp. 3d 568 (W.D. Tenn. 2022). Defendants meet the threshold requirement of a "hint of a suggestion" that the defense is good at law. 663 F.3d at 843. Therefore,

9

it is RECOMMENDED that setting aside the default will not prejudice Plaintiff, that the default did not arise out of Defendant's culpability, and that the defense is meritorious.

### c. *Motion to Dismiss the Amended Complaint*

Defendants' motion to dismiss is based solely on the ground that Plaintiff fails to state a claim for which relief can be granted because his claim is not yet ripe as Plaintiff has not yet suffered an injury. (D.E. # 24) To demonstrate the existence of a case or controversy of the kind that a federal court is constitutionally authorized to hear, a plaintiff must show that " '(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.' " *Dunkin' Donuts Franchised Restaurants LLC v. Shrijee Inv., Inc.*, No. 08-12836, 2008 WL 5384077, at *10 (E.D. Mich. Dec. 23, 2008) (quoting *Cleveland Branch, NAACP v. City of Parma,* 263 F.3d 513, 523-24 (2001); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,* 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)) "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quoted in *Sault Ste. Marie Tribe of Chippewa Indians v. U.S.,* 288 F.3d 910, 915 (6th Cir.2007)). Thus, when a defendant moves for dismissal based on a plaintiff's lack of standing, a court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Kardules v. City of Columbus,* 95 F.3d 1335, 1346 (6th Cir.1996) (quoting *Warth v. Seldin,* 422 U.S. at 501).

Plaintiff responds that he has been injured because a previous domain name, www.cancelfedex.ga, was made inaccessible by the Defendants after "FedEx reported and screamed trademark infringement to plaintiff's web hosting company" but his Amended Complaint does not allege that. Paragraph 10 of the amended complaint states that he learned that the webhost had "received a report that the domain in question in using naming conventions and images infringing on FedEx's trademark." To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id.* at 679, 129 S.Ct. 1937 (quoting Fed.R.Civ.P. 8(a)(2)). While this standard does not require the complainant to make detailed factual allegations, it does demand more than a complainant's bare assertions or legal conclusions. *Id.* at 678, 129 S.Ct. 1937. It is recommended that in this case, the face of the Amended Complaint does not permit the court to infer more than the mere possibility of misconduct.

### III. Conclusion

For the foregoing reasons, the *United Coin Meter* factors weigh in favor of setting aside Defendant's default and allowing the case to be decided on the merits. *United Coin Meter Co., Inc.* 705 F.2d 839.  It is RECOMMENDED that Defendants' Motion to Set Aside default be GRANTED under Fed. R. Civ. P. 55(c).  It is FURTHER RECOMMENDED that Defendants' Motion to Dismiss be granted for failure to state a claim and for lack of subject matter jurisdiction.

**SIGNED** this 23rd day of February, 2024.

        s/ Charmiane G. Claxton
        CHARMIANE G. CLAXTON
        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**