IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DIMITAR PETLECHKOV, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No. 2:23-cv-2231-JTF-cgc |
| v. ) | |
| ) | |
| FEDERAL EXPRESS CORPORATION ) | |
| *et al.*, ) | |
| ) | |
|     Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART; DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; GRANTING DEFENDANTS' MOTION TO DISMISS; ORDERING PLAINTIFF TO SHOW CAUSE**

Before the Court is the Magistrate Judge's February 23, 2024 Report and Recommendation ("R&R") on Defendants Federal Express Corporation and FedEx Corporation's ("FedEx") Motion to Dismiss and Plaintiff Dimitar Petlechkov's Motion for Default Judgment.[1] (ECF No. 27.) The issue presented therein is whether a webhost's removal of a plaintiff's website based on a report of trademark infringement gives the plaintiff standing to seek declaratory and injunctive relief against the trademark owner. The issue presented upon review of this case, as well as Petlechkov's many other *pro se* cases is whether a convicted felon may use the federal courts as a means of attacking his victims and anyone with any connection to his criminal conviction. For the reasons set forth below, the R&R is **ADOPTED IN PART**; Defendants' Motion to Dismiss is **GRANTED** and Petlechkov's Motion for Default Judgment is **DENIED**. Petlechkov is **ORDERED TO**

---

[1] Pursuant to Administrative Order 2013-05, the Magistrate Judge was assigned to handle all pretrial matters via order or report and recommendation as appropriate.

1

**SHOW CAUSE** why this Court should not impose a pre-filing restriction and sanctions under Federal Rule of Civil Procedure 11.

## I.    BACKGROUND

In 2018, Petlechkov was convicted on multiple counts of mail fraud for conducting a criminal scheme that defrauded FedEx out of hundreds of thousands of dollars. *See United States v. Petlechkov*, 72 F.4th 699 (6th Cir. 2023). Specifically, Petletchkov posed as a vendor for one of FedEx's high-volume customers to procure a steep shipping discount that FedEx offers to such customers. *See United States v. Petlechkov*, No. 21-5174, 2022 WL 168651, at *1 (6th Cir. Jan. 19, 2022), *cert. denied*, 142 S. Ct. 2763, 213 L. Ed. 2d 1005 (2022); *see also United States v. Petlechkov*, 72 F.4th 699, 703 (6th Cir. 2023), *reh'g denied*, No. 22-6043, 2023 WL 5498389 (6th Cir. July 6, 2023). He then used that discount to offer shipping services to third-parties at a slightly higher price, and then pocketed the difference between what he charged the third parties and what he paid FedEx. *See id.* After completing his thirty-seven-month custodial sentence, Petlechkov was deported to his home country of Bulgaria based on his being in the United States illegally. *Petlechkov*, 72 F.4th at 699.

## II.    REPORT AND RECOMMENDATION

### A.  Legal Standard

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P.

2

72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

### B. Findings of Fact

The R&R's Findings of Fact are **ADOPTED IN PART**. These findings are summarized in relevant part below. Petlechkov raises one objection to the Findings of Fact which the Court sustains.

On April 19, 2023, Petlechkov filed a *pro se* complaint seeking injunctive relief under Federal Rule of Civil Procedure 65. (ECF No. 27, 2.) Therein, he states that on June 21, 2022, he registered the domain name "www.cancelfedex.ga" and created a "gripe" website to complain about FedEx and two of its employees. (*Id.*) The Complaint alleges that none of FedEx's logos or copyrighted content existed on the site. (*Id.*) On July 26, 2022, Petlechkov sent the website's address to several of FedEx's top corporate officers and asked them whether they wanted to be associated with the two employees based on the complained of actions. (*Id.*) Although the FedEx officers did not respond to his email, he alleges that before August 1, 2022, the website became inaccessible through the internet. (*Id.*) On August 2, 2022, Petlechkov spoke with the webhost who informed

3

him that it had received a report that the website was using naming conventions and images infringing on FedEx's trademark. (*Id.*)

On October 4, 2022, Petlechkov registered a second domain named "www.boycottfedex.ga" which redirected visitors to an identical replica of the content that was previously hosted on www.cancelfedex.ga. (*Id.*) He did not contact FedEx this time, and the website remained operational as of the time he filed his Complaint. (*Id.*) He noted his suspicions that FedEx will attempt to shut the second website down on trademark grounds. (*Id.*)

In his April 19, 2023 Complaint, Petlechkov requested that the Court declare that neither of the domain names violate any provision of 15 U.S.C. § 1125 and/or 15 U.S.C. § 1114 because the use of the FedEx name is permissible fair use, the website is not for commercial purposes, and the site's content constitutes speech protected under the First Amendment. (*Id.*) He also sought for the Court to enjoin FedEx from interfering in his use of the domain names through the filing of false reports and claims of trademark infringement. (*Id.*)

On October 16, 2023, FedEx filed a Motion to Dismiss Petlechkov's Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, respectively. (*Id.* at 3.) FedEx argues that Petlechkov's Complaint must be dismissed under these rules because FedEx owns the website domains for which Petlechkov sought protection and he has suffered no injury or imminent risk of injury, rendering his claim unripe. (*Id.*)

On October 17, 2023, Petlechkov filed an Amended Complaint Seeking Declaratory and Injunctive Relief against FedEx, alleging the same facts and arguments. (*Id.*) He also alleged that on October 17, 2023, he registered a new website named "www.evilfedex.com," which has all the same content as his previous websites. (*Id.*) On November 1, 2023, Petlechkov filed a Request to

4

Clerk for Entry of Default against FedEx on ground that they had failed to file a responsive pleading to his Amended Complaint. (*Id.* at 4.)

On November 1, 2023, FedEx filed a renewed Motion to Dismiss under Rules 12(b)(1) and 12(b)(6), alleging that Petlechkov's claims were unripe and should be dismissed for failure to state a claim because of "several intangibles" involved in this case and the lack of "sufficient immediacy" that would require declaratory and injunctive relief. (*Id.*) They also responded to Petlechkov's request for entry of default judgment, arguing either that their original Motion to Dismiss was not mooted by the Amended Complaint, or that they could demonstrate good cause for having missed the deadline to respond. (*Id.*)

Petlechkov filed a response to FedEx's renewed Motion to Dismiss on November 2, 2023. (*Id.* at 5.) There, he maintains that his cause of action is an active case or controversy that touches the legal rights of the two parties. (*Id.*) Petlechkov argues that the claim is ripe because FedEx" "already successfully shut down [his] previous website on the basis of purported trademark infringement and will likely do it again . . ." (*Id.* (quoting ECF No. 26, 5).) The Magistrate Judge also notes that Petlechkov did not respond to FedEx's arguments concerning his request for entry of default. (*Id.*)

**<u>Objection No. 1</u>**

Petlechkov objects to the Magistrate Judge's finding that his Amended Complaint does not sufficiently allege "more than the mere possibility of misconduct" because his amended complaint does not allege that "FedEx reported and screamed trademark infringement to plaintiff's web hosting company." (ECF No. 28, 2.) He acknowledges that the Amended Complaint alleges only that someone—not necessarily FedEx—reported the domain name for trademark infringement but maintains that this inference should have been drawn in ruling on FedEx's Motion to Dismiss.

5

(*Id.*) If the Court declines to draw this inference, Petlechkov requests that the Court grant him leave to amend his complaint to add a sentence alleging that FedEx reported his website. (Id.)

FedEx's response to the R&R, which doubles as an opposition to Petlechkov's request to amend his complaint, does not address Petlechkov's argument that the Magistrate Judge should have inferred that they reported the domain-name in ruling on their Motion to Dismiss. The Court agrees that the Magistrate Judge should have done so. For the purposes of ruling on this Motion to Dismiss, the Court infers that FedEx did in fact report Petlechkov's website.

### C. Conclusions of Law

The Magistrate Judge recommends that the Court set aside the default because doing so would not prejudice Petlechkov, the default did not arise out of FedEx's culpability, FedEx's defense is meritorious. (ECF No. 27, 9-10.) The Court agrees, and no objection was raised to that conclusion. Second, the Magistrate Judge recommends that the Court dismiss Petlechkov's Amended Complaint for failure to state a claim to relief and for lack of standing because his complaint merely alleges that the webhost "received a report," not that FedEx reported him. (*Id.* at 10-11.) Petlechkov raised one objection to the Magistrate Judge's Conclusions of Law. The Court addresses it below.

**<u>Objection No. 2</u>**

Petlechkov objects to the Magistrate Judge's characterization that FedEx's Motion to Dismiss is based on Petlechkov's "fail[ure] to state a claim for which relief can be granted because his claim is not yet ripe as [Petlechkov] has not yet suffered an injury." (ECF No. 28, 2 (quoting ECF No. 27, 10).) He raises two issues with this formulation. First, he points out that FedEx's only argument in its Motion pertains to ripeness, yet the Magistrate Judge's R&R addresses standing. (*Id.*) Petlechkov is correct that standing and ripeness are distinct elements going to a court's

Article III jurisdiction. The Magistrate Judge should not have treated them as one and the same issue. Second, Petlechkov argues that FedEx and the Magistrate Judge were wrong to address this issue under Rule 12(b)(6) as opposed to Rule 12(b)(1) because FedEx raises only a jurisdictional challenge. (*Id.*) The point is well taken. The Court addresses the issue of subject matter jurisdiction and ripeness *de novo* below pursuant to Rule 12(b)(1).

### III. *SUA SPONTE* JURISDICTIONAL REVIEW

#### A. Fed R. Civ. P 12(b)(1)

"[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

#### B. Analysis

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). "The Declaratory Judgment Act confers on federal courts 'unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

The Declaratory Judgment Act does not expand the subject matter jurisdiction of the federal courts. *See Medtronic, Inc. v. Mirowski Family Ventures. LLC*, ⎯ U.S. ⎯, 134 S.Ct. 843, 848 (2014). The plaintiff still bears the burden of establishing standing. *See Fieger v. Michigan Supreme Ct.*, 553 F.3d 955, 962, 974 (6th Cir. 2009). To satisfy the "irreducible constitutional

minimum of standing," the plaintiff must establish that: (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (2) that there is a causal connection between the injury and the defendant's alleged wrongdoing; and (3) that the injury can likely be redressed. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An "injury in fact" is an invasion of a legally protected interest. *Id.* at 560.

The Court first addresses whether Petlechkov has established an injury in fact. He argues that FedEx's "report that the domain in question is using naming conventions and images infringing on FedEx's trademark" and the future threat of FedEx having his new website taken down injures him. (ECF No. 20, 2.) This cannot be the standard trademark injury, as Petlechkov insists that his website is not for commercial purposes. (*Id.*) Instead, he is asserting that the website takedown constitutes a First Amendment injury. (ECF No. 20, 3 (citing *Taubman Co. v. Webfeats*, 319 F.3d 770 (6th Cir. 2003).) However, "[i]t is long settled as a matter of American constitutional law that foreign citizens outside U. S. territory do not possess rights under the U.S. Constitution." *Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433 (2020); *see also Doc Soc'y v. Blinken*, No. CV 19-3632 (TJK), 2023 WL 5174304, at *15 (D.D.C. Aug. 11, 2023) ("A foreign citizen who both is present in and has "substantial connections" to the United States has First Amendment rights. [] But once she leaves the country or areas under its territorial control, those personal constitutional rights vanish." (citation omitted)). Petlechkov is a citizen and resident of the Republic of Bulgaria, so he does not have First Amendment rights. (ECF No. 20, 1.) He has therefore not met his burden of showing that FedEx invaded a legally protected interest, otherwise known as an injury in fact. (*Id.* at 2.) Because Petlechkov has not established an injury in fact, the Court must **DISMISS** this action for lack of standing.

## IV.     ORDER TO SHOW CAUSE

Following his fraud conviction, Petlechkov has become a prolific *pro se* plaintiff. He specializes in (1) collateral challenges to his conviction;[2] (2) challenges to the restitutionary and punitive consequences of his conviction;[3] (3) frivolous suits against FedEx, the company he defrauded;[4] and (4) meritless suits against anyone with any connection to his criminal case or the properties identified in the forfeiture order.[5]

As described in this Order, Petlechkov has commenced numerous actions that appear to have no other purpose but to harass parties with any connection to his criminal conviction. Worse yet, Petlechkov's cases consume a greater amount of judicial resources (to say nothing of the burden placed upon the defendants) than the cases of most *pro se* litigants because he manufactures

---

[2] *See Petlechkov*, 72 F.4th at 707 (affirming the denial of Petlechkov's *coram nobis* petition); *see also Petlechkov v. United States of America*, No. 19-2467 (W.D. Tenn.) (ECF No. 22) (dismissing Petlechkov's § 2255 petition); *Petlechkov v. Giles*, No. 21-0006 (M.D. Ga.) (Petlechkov's § 2241 petition that was dismissed as meritless).

[3] *See Petlechkov v. FedEx Corporation and Merrick B. Garland*, No. 23-2073 (W.D. Tenn.) (ECF No. 13) (dismissing case seeking to, *inter alia,* enjoin United States Attorney General Merrick Garland from enforcing the restitution order in his criminal case); *see also Petlechkov v. U.S. Att'y Gen.*, No. 20-14861, 2023 WL 3013305, at *1 (11th Cir. Apr. 20, 2023) (reviewing a decision of the Board of Immigration Appeals related to Petlechkov); *Petlechkov v. United States of America*, No. 22-2908 (N.D. Tex.) (Petlechkov's currently pending Federal Tort Claims Act case against the United States for denying him good conduct time while incarcerated); *Petlechkov v. United States of America*, No. 23-1789 (Fed. Cl.) (another pending challenge to the forfeiture order); *Petlechov v. United States, et al.*, No. 22-3200 (N.D. Ga.) (ECF No. 13) (dismissing as meritless Petlechkov's case seeking relief from the forfeiture order in the criminal case); *Petlechov v. United States*, No. 24-0434 (N.D. Ga.) (pending case that appears to be a duplicate of No. 22-3200); *Petlechkov*, 72 F.4th at 707 (vacating in part the final restitution order, dismissing as meritless Petlechkov's sanctions and *coram nobis* claims); *USA v. Dimitar Petlechkov, et al.*, No. 23-5803 (6th Cir.) (pending appeal of the final restitution order).

[4] *See Petlechkov v. FedEx Corp.*, No. 23-12259, 2024 WL 729006, at *1 (11th Cir. Feb. 22, 2024) (affirming the district court's order dismissing Petlechkov's Georgia RICO claim against FedEx on a frivolity determination); *see also Petlechkov v. FedEx Corporation and Merrick B. Garland*, No. 23-2073 (W.D. Tenn.) (ECF No. 13) (dismissing unjust enrichment claim against FedEx); *Petlechkov v. Stengel*, No. 20-2174 (W.D. Tenn.) (ECF No. 96) (meritless malpractice case); *Petlechkov v. FedEx et al.,* No. 23-2231 (W.D. Tenn) (ECF No. 27) (R&R addressing Petlechkov's attempts to seek declaratory relief that he has a First Amendment right to run a website where he defames certain FedEx employees that he believes wronged him).

[5] *See Petleshkova v. Gee*, No 22-2411 (W.D. Tenn.) (ECF No. 64) (order granting Petlechkov's mother's motion to voluntarily dismiss her malpractice case against the attorney who represented her during the forfeiture hearing just before the case was going to be dismissed for lack of standing); *Petlechkov v. Gilmer et al.*, No. 24-0658 (N.D. Ga.) (ECF No. 8) (dismissing as frivolous Petlechkov's RICO case against a condominium association and its members relating to their decision to not allow him to lease out the condominiums that are subject to the forfeiture order because he not obtained a leasing permit).

complicated legal disputes that necessitate the Court's reading and consideration of all of his prior cases, and presents layers of bad faith arguments to cut through. Regardless of whether a *pro se* litigant pays the requisite fee or files in *forma pauperis*, if a party repeatedly files frivolous or malicious lawsuits, this Court may deem them to be a vexatious litigant, and impose pre-filing restrictions to reduce the burden that such litigation places on judicial resources. *See Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. 2000) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998)).

Rule 11 of the Federal Rules of Civil Procedure also exists as a check on the filing of even a single frivolous lawsuit. Rule 11(b) applies to *pro se* litigants and attorneys alike, and states that by filing a pleading, the party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....

*Id.* When a *pro se* litigant fails to comply with Rule 11, a court "may impose an appropriate sanction." Rule 11(c). Under Rule 11(c)(3) a court may impose sanctions on its own initiative, after directing the party "to show cause why conduct specifically described in the order has not violated Rule 11(b).

Here the Court finds that this case appears to violate Rule 11(b)(1) and (b)(2) in that it is brought to harass FedEx, and there exists no current law or nonfrivolous basis for changing the law that permits this case to move forward. None of these findings should come as a surprise, as Judge McCalla previously found that "[Petlechkov uses] his filings to imply that Circuit Judges

are unfairly biased towards the insult the prosecutor and others, allege that the Court is engaged in wrongful conduct, insult other judges in the Western District, warn the Court and others of continued motion practice and wield presumed favorable future Circuit rulings as a threat, invoke inflammatory comparisons, and criticize the Court's management of its docket as a whole. Filings likewise include unprofessional language." (*United States v. Petlechkov*, No. 17-20344 (W.D. Tenn) (ECF No. 458) (citations omitted).

Following an exhaustive review of Petlechkov's many legal proceedings, the Court has taken note of the dismissals predicated on frivolity determinations and prior warnings from the undersigned, Judge McCalla, and judges in the Northern District of Georgia that have gone unheeded. In so doing, the Court has reached the conclusion that it must act to prevent Petlechkov from continuing to monopolize this district court's recourses and harassing parties through his vexatious litigation practices. Specifically, the Court intends to bar Petlechkov from filing new *pro se* actions in this district court without a certificate from a magistrate judge of this district court or an attorney who is a member of the bar of this court that the claims asserted therein are not frivolous, and that the suit is not brought for any improper purpose. Such relief is not unheard of in the Sixth Circuit. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Municipal Court*, 114 F.3d 1188 (6th Cir. 1997) (Table, text available at 1997 WL 321112, requiring prefiling certification by attorney); *May v. Guckenberger*, 2001 WL 1842462, *6 (S.D. Ohio 2001) (requiring prefiling certification by attorney or a magistrate judge).

The Court is convinced that the measures outlined above are an appropriate means of halting Petlechkov's abusive litigation, and that this was entirely foreseeable to him based on the many warnings that he has received from two judges in this district court and multiple judges in the Northern District of Georgia relating to these practices. However, in the interest of rigorously

clarifying the record for Petlechkov's inevitable blockbuster appeal of this decision, the Court **ORDERS** Petlechkov to **SHOW CAUSE** why this Court should not impose a pre-filing restriction on him consistent with the terms outlined above. Within 14 days of this Order's entry, Petlechkov shall file a brief **NOT EXCEEDING 10 PAGES** responsive to that question. Should Petlechkov fail to file a response, the Court will construe his non-response as a concession. Until the Court makes its determination on this matter, it will not file a judgment in this case or accept any new substantive motions from the parties.

## V. CONCLUSION

Consistent with the foregoing, the R&R is **ADOPTED IN PART**; Defendants' Motion to Dismiss is **GRANTED** and Petlechkov's Motion for Default Judgment is **DENIED**. Petlechkov is **ORDERED TO SHOW CAUSE** why this Court should not impose a pre-filing restriction and sanctions under Federal Rule of Civil Procedure 11.

**IT IS SO ORDERED**, this 8th day of May, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
